UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Diane Marguerite Lowe, ) | |
| ) | C/A No.: 4:13-cv-3164-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case is before the Court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District on consent of the parties. 28 U.S.C. § 636(c).

### I. RELEVANT BACKGROUND

**A.**  **Procedural History**

  Plaintiff applied for Disability Insurance Benefits (DIB) on December 13, 2010, alleging that she became disabled on December 4, 2010. (Tr. 12). Her claims were denied initially and upon reconsideration. (Tr. 90-91, 99-100, 101-104). Plaintiff then requested an administrative hearing, (Tr. 110-111). On June 7, 2012, the ALJ held a hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Tr. 33-66). After the hearing, on July 27, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 12-24). On September 11, 2012, Plaintiff requested review of the ALJ's decision, which the Appeals Council subsequently denied, rendering

it the final decision of the Commissioner. (Tr. 1-7). Plaintiff filed this action on November 21, 2013, in the United States District Court for the District of South Carolina. This case is ripe for review under 42 U.S.C. § 405(g).

**B.     Plaintiff's Background and Medical History**

    **1.     Introductory Facts**

Plaintiff was born on January 28, 1962 and was 48 years old at the time of the alleged onset. (Tr. 22). Plaintiff has at least a high school and past relevant work experience as an administrative assistant, insurance clerk, and secretary. (Tr. 22).

    **2.     Medical Records and Opinions**

The ALJ provided a detailed summary of the evidence of record including Plaintiff's testimony, which the Court adopts to the extent that it is consistent with this decision. Additional factual details will be added where necessary to address the issues raised by the parties.

**C.     The Administrative Proceedings**

    **1.     The ALJ's Decision**

In the decision of July 27, 2012, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since December 4, 2010, the alleged onset date (20 C.F.R. 404.1571, *et seq*.).

3. The claimant has the following severe impairments: depression, anxiety, asthma, dysthymic disorder, obesity, and degenerative disc disease (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 C.F.R. Part 404, Subpart P,

        Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally climb ladders, ropes, or scaffolds and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation as well as hazards such as dangerous machinery and unprotected heights. In addition, the claimant has the ability to understand, remember and carry out short and simple instructions, has the ability to make simple work related decisions, and is able to occasionally work with the public.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).

8. The claimant was born on January 28, 1962 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability date (20 C.F.R. 404.1563).

9. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P. Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could have performed (20 C.F.R. 404.1569 and 404.1569(a)).

12. The claimant has not been under a disability, as defined in the Social Security Act, from December 4, 2010, through the date of this decision (20 C.F.R. 404.1520(g)).

(Tr. 12-24).

## II. DISCUSSION

The Plaintiff argues that the ALJ erred in his decision, and that reversal and an award of benefits, or in the alternative, a remand for a new administrative hearing, is appropriate in this case. Specifically, Plaintiff raises the following issues in her brief, quoted verbatim:

I.  Did the ALJ err by failing to accord significant weight to the opinion of the treating counselor, Kathy Rook, when it is consistent with the substantial evidence of record?

II. Did the ALJ err by failing to find that the Plaintiff's borderline personality disorder, obsessive-compulsive disorder, and syringomyelia were severe impairments?

III. Did the ALJ err by failing to properly consider the combined impairments of the Plaintiff's borderline personality disorder, obsessive-compulsive disorder, and syringomyelia and their limitations?

IV. Did the ALJ err by not providing a complete and accurate hypothetical question to the vocational expert?

V. Did the ALJ err by failing to consider the side effects of the Plaintiff's medications?

(Plaintiff's brief).

The Commissioner argues that the ALJ's decision is supported by substantial evidence and legally correct, and should thus, be affirmed.

### A.        LEGAL FRAMEWORK

#### 1.        The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12

consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. See, e.g., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); see Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d) (5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir.2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir.1981); see generally Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. See id.; Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Walls, 296 F.3d at 290 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990)).

The Court's function is not to "try these cases de novo or resolve mere conflicts in the

evidence." Vitek v. Finch, 438 F.2d 1157, 1157–58 (4th Cir.1971); see Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir.1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986)). Rather, the Court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390, 401; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.2005). Thus, the Court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. See Vitek, 438 F.2d at 1157–58; see also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the Court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

**B.     ANALYSIS**

**1.     Plaintiff's RFC and The ALJ's Hypothetical Questions to the Vocational Expert**

One of the issues raised by Plaintiff is that the ALJ erred in providing a complete and accurate hypothetical question to the Vocational Expert. Plaintiff argues that the ALJ's hypothetical to the VE wherein he indicates that Plaintiff can occasionally work with the public is not supported by the record. Implicit in Plaintiff's argument is that the ALJ's RFC finding regarding Plaintiff's ability to work with the public is not supported by substantial evidence. Plaintiff suggests that the appropriate RFC restriction should have been that Plaintiff should have no contact with the general public. The Commissioner disagrees with Plaintiff's position.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR")

96-8p, available at 1996 WL 374184, at *2. It is the claimant's burden, however, to establish how her impairments impact her functioning. *See* 20 C.F.R. §§ 404.1512(c), 416.946(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Maj. J. Mem. & Rec.) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2012), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

Additionally, "[i]n questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record of the claimant's impairment." English v. Shalala, 10 F.3d 1080, 1085 (4th Cir.1993). Although, there is no requirement that a hypothetical question contain a "function-by-function" assessment, as required when formulating RFC; the governing standard is that the hypothetical include all of the claimant's credible impairments. Compare SSR 96–8p (explaining in its purpose that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis") with Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir.2005) (noting that "the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations" ) (emphasis in original); Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989) ("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments.") (internal citations omitted). Accordingly, if the

record does not support the existence or extent of a limitation, the ALJ need not include it in the hypothetical question. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir.2001); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir.2006); Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir.1999).

In the instant case, the Court cannot conclude that substantial evidence supports the ALJ's assessment of Plaintiff's RFC as to the finding that the Plaintiff "is able to occasionally work with the public." Based on the record presented, the Court is unable to determine if substantial evidence supports the inclusion of this limitation in the hypothetical question for the vocational expert.

The ALJ found the that Plaintiff has the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally climb ladders, ropes, or scaffolds and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation as well as hazards such as dangerous machinery and unprotected heights. In addition, the claimant has the ability to understand, remember and carry out short and simple instructions, has the ability to make simple work related decisions, and is <u>able to occasionally work with the public</u>.

(Tr. 17) (emphasis added).

In determining whether substantial evidence supports the challenged portion of the RFC, the Court has reviewed the evidence of record with regards to Plaintiff's ability to interact with others. On November 29, 2010, Kathy Rook, mental health professional and treating counselor, completed a Behavioral Health Capacities Evaluation.[3] With regards to Plaintiff's ability to relate to other people and perform work requiring regular contact with others, Ms. Rook opined that Plaintiff's

---

[3]The Court notes that Ms. Rook provided more exhaustive evidence than summarized herein, but the Court limits its discussion of her opinions as they specifically relate to Plaintiff's ability to interact with the general public.

ability to do these things on a sustained basis would be "moderately severe," which is defined as impairment significantly affects ability to function. With regards to Plaintiff's ability to perform work where contact with others will be minimal, Ms. Rook opined that Plaintiff's ability to do this on a sustained basis would be "moderate," which is defined as impairment affects but does not preclude ability to function. Additional notations were that Plaintiff "withdraws, hyperventilates" in connection with relating to other people, and " says she hates people, except for a few" in connection with having regular contact with people. (Tr. 617).  Ms. Rook also completed a mental RFC Assessment on October 17, 2011. She determined that in social interaction, Plaintiff is moderately limited[4] in the ability to interact appropriately with the general public. (Tr. 622-624). The ALJ gave the opinions of Ms. Rook little weight on the basis that she was not an acceptable medical source and that the record did not support her opinions.

However, the ALJ indicated that he gave great weight to the opinions rendered by the State agency medical consultants as follows:

> Pursuant to SSR 96-6p, I have considered the opinions rendered by the State agency medical consultants. On March 4, 2011, a State agency psychological consultant found the claimant had mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (Exhibit B12F).  On July 13, 2011, another State agency psychological consultant found the claimant had moderate restriction in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, each of extended duration. (Exhibit B18F).  The consultants' opinions are given great weight because they are consistent with the claimant's testimony and well supported by the medical evidence of record, specifically the progress notes at Exhibit B35F.

(Tr. 22).

In his explanation of the weight given to the State agency medical consultant's opinions, the

---

[4] Ms. Rook did not provide a definition of "moderately limited" as requested on the form.

ALJ cites Exhibits B12F and B18F. Exhibit B12F is a Psychiatric Review Technique completed by Dr. Jeanne Wright, PhD. Exhibit B18F is a Psychiatric Review Technique completed by Dr. Jody Lenrow, PsyD.  The Court finds it noteworthy that both consultants in the "conclusions" section of their notes in the referenced exhibits opine that Plaintiff "is capable of simple routine work in a low stress environment involving <u>no</u> contact with the general public." (Tr. 503, 553)(emphasis added). Although both state agency consultants also completed mental residual functional capacity assessments in which they both noted Plaintiff to be moderately limited in her ability to interact appropriately with the general public (Tr. 506, 564), they both offered somewhat ambiguous conclusions with regards to their assessment of Plaintiff's functional capacity.  Dr. Wright opined that Plaintiff "can relate appropriately to supervisors and co-workers, however, she may be better suited for jobs that do not require <u>regular</u> work with the general public."  (Tr. 507, Exhibit B13F)(emphasis added).  Dr. Lenrow opined that Plaintiff "can relate appropriately to supervisors and co-workers, however, may find work with the general public stressful at this time. (Tr. 565, Exhibit B 20F).

Social Security Ruling 96–8p states that a functional capacity "assessment must be based on all of the relevant evidence in the case record." The administrative law judge cannot ignore the evidence which does not fit the conclusion he needs but is required to weigh each item of evidence. <u>Meredith v. Commissioner of Social Sec.</u>, 2009 WL 3417778, 3 (D.S.C. 2009)(citing <u>Gordon v. Schweiker</u>, 725 F.2d 231, 236 (4th Cir.1984).

Here, the ALJ concluded without explanation that the Plaintiff is able to occasionally work with the public. Although the ALJ reported certain findings with regards to Plaintiffs restrictions in activities of daily living, maintaining social functioning, and maintaining concentration, persistence,

or pace (Tr. 22), he never specifically discusses the evidence of record with regard to Plaintiff's ability to interact with the general public or explains his conclusion that Plaintiff can occasionally work with the public when the exhibits on which he relies include notations from state agency medical consultants that indicate that Plaintiff "is capable of simple routine work in a low stress environment involving <u>no</u> contact with the general public." Although the Commissioner cites other exhibits (not cited to or relied on by the ALJ) also reflecting opinions by these same state agency providers, these, at best establish a possible internal inconsistency, which is not addressed by the ALJ at all. After careful review and consideration, the Court is constrained to conclude that there is neither substantial evidence nor an explanation supporting the ALJ's finding that Plaintiff is able to occasionally work with the public.

Because the court finds that remand is necessary for the reasons outlined above, the Court declines to specifically address Plaintiff's additional allegation of error by the ALJ. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegation of error, specifically, the evaluation of the opinions of Ms. Rook, the consideration and identification of Plaintiff's impairments as severe, the consideration of Plaintiff's impairments in combination, and the consideration of any side effects from Plaintiff's medications.

### III.  CONCLUSION

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42

U.S.C. § 405(g) and that the case be **REMANDED** to the Commissioner for further administrative action as set out above.

                                                Respectfully submitted,

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

March 31, 2015
Florence, South Carolina